■ In the Matter of FEMALE R. ISANNAH R., Appellant; HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES et al., Respondents. [609 NYS2d 295] —In a proceeding to revoke the surrender of her infant daughter, the petitioner appeals from an order of the Family Court, Queens County (Friedman, J.), dated May 19, 1992, which denied her application for an order revoking the surrender.

Ordered that the order is affirmed, with one bill of costs.

On August 15, 1990, the petitioner appeared before a Judge of the Family Court, Queens County, and executed a surrender agreement pursuant to Social Services Law § 384 (5). Approximately 18 months later, the petitioner apparently suffered misgivings and moved for leave to revoke her consent. The Family Court, upon reviewing the transcript of the surrender proceeding over which it had presided, determined that the petitioner received a thorough explanation of the gravity of her consent and that, contrary to her contentions, was represented by counsel and had been advised of her right to counseling. The court found no evidence of duress, fraud, or coercion, and further found that the petitioner's signing of the surrender agreement, made after full disclosure of all relevant facts and with full understanding of its legal consequences, was voluntary.

Under the circumstances, we find that the Family Court did not err in denying the application without a hearing. The surrender agreement, which was effectuated in the manner required by statute, was valid and irrevocable *(see, Matter of Sarah K.,* 66 NY2d 223, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108; *see also, Matter of Baby Girl J.,* 192 AD2d 533; *Matter of Baby Girl Z.,* 154 AD2d 471; *Matter of*

*E. W. C.,* 89 Misc 2d 64, 71-73; Social Services Law § 384 [5]). Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.