OPINION OF THE COURT
Terrence J. McElrath, J.
This proceeding involves an application by Rita P. F., the natural mother of Shannon F. and Kelly P., seeking, in essence, to revoke the judicial surrenders which had previously been executed by her. Both the Administration for Children’s Services and Angel Guardian Children and Family Services oppose her application. The children’s Law Guardian supports it.
On February 25, 1994, the Commissioner of Social Services of the City of New York filed petitions alleging permanent neglect by Rita P. F., the children’s natural mother, and permanent neglect and abandonment by Michael F., the children’s presumptive father. On August 5, 1994, the court proceeded to an inquest against Mr. F. and found that the petitioner had established, by clear and convincing evidence, that Mr. F. had both permanently neglected and abandoned the two subject children, Shannon F. and Kelly P. On October 13, 1994, Ms. P. F. executed the judicial surrenders which are the subject of this proceeding. These surrenders were executed with the express understanding that the foster mother, Rita P., the children’s maternal grandmother, would adopt the subject children.* Following execution, they were approved by the court. The court then proceeded to disposition and committed guardianship and custody of the children to the Commissioner of Social Services of the City of New York.
On March 20, 1996, before the children could be adopted, Ms. P. passed away.
On March 26, 1997, Ms. P. F. filed the instant application, seeking to have the judicial surrenders which she had previously executed deemed without effect and/or void due to the death of Ms. P.
Surrenders are governed by Social Services Law § 383-c.
Social Services Law § 383-c (1) provides that: “The guardianship of the person and the custody of a child in foster care *567 under the age of eighteen years may be committed to an authorized agency by a written instrument which shall be known as a surrender”.
Social Services Law § 383-c (2) provides that: “the instrument shall be upon such terms and subject to such conditions as may be agreed upon by the parties thereto” (emphasis added).
Social Services Law § 383-c (5) (b) (ii) requires that the conditions of a surrender be contained in the instrument of surrender.
Social Services Law § 383-c (5) (b) (iii) requires that if, as a condition of the surrender, the child is to be adopted by a specific person, the instrument of surrender contain the name of that person or persons, otherwise the child may be adopted by any person that the agency chooses.
It is absolutely clear to this court that Ms. P. F. executed the conditional surrenders solely for the purpose of having her two children adopted by Ms. P. The surrenders do not authorize the adoption of the children by anyone other than Ms. P. This condition was contained in the written instruments of surrender, and was specifically addressed in the allocution by the court. Both the agency and the Law Guardian consented to the condition, and the court thereupon approved the conditional surrenders. It was everyone’s good-faith expectation that the goal of adoption by Ms. P. would be finalized. Unfortunately, this was not to be. Ms. P. died before the children could be adopted by her. The issue before this court is what is to happen now that the goal of adoption by Ms. P. cannot be achieved.
The court notes at the outset that this appears to be a case of first impression. A review of the case law reveals only cases dealing with the revocation of unconditional surrenders and cases involving the enforcement of visitation provisions in conditional surrenders after adoption has taken place. The court could find no authority directly on point.
Angel Guardian Children and Family Services urges the court to deny the application because Social Services Law § 383-c provides that surrenders become final and irrevocable upon their execution and acknowledgment. (See, Social Services Law § 383-c [3] [b]; [5] [c].) In support of this position it cites Matter of Amanda B. (206 AD2d 636 [3d Dept 1994]) and Matter of Female R. (202 AD2d 672 [2d Dept 1994]), both of which affirmed the denial of applications to revoke judicial surrenders precisely because they became final and irrevocable *568 upon their execution. This court acknowledges that judicial surrenders are final and irrevocable upon their execution, whether they be unconditional or conditional. This court holds, however, that while they are final and irrevocable, they are only final and irrevocable as they are written. Once a conditional surrender is executed, a parent may not change his or her mind, may not modify the terms and conditions of the surrender, and may not revoke the surrender except as otherwise provided for by Social Services Law § 383-c (6). The final and irrevocable terms and conditions, however, remain in full force and effect. By agreement of the parties, the surrender remains inchoate, nonfinalized, dependent upon specified future events. When those future events occur, the surrender becomes complete, it is finalized. If those events do not occur, the surrender is incomplete and remains nonfinalized.
In the instant proceeding, the surrender was expressly dependent upon the children being adopted by Ms. P. All parties agreed to this condition. The condition, however, cannot be met. The surrender can never be finalized because the specified adoptive parent died before the children could be adopted. The surrender instrument is therefore a nullity.
In addition, Social Services Law § 383-c (6) recognizes that there could be cases where the specified adoptive parent could not, or would not adopt. Social Services Law § 383-c (6) (c) specifically requires that: “In any case in which the authorized agency determines that the persons specified in the surrender will not adopt the child, the agency promptly shall notify the parent thereof, unless such notice is expressly waived by a statement written by the parent and appended to or included in such instrument.” This section is silent, however, as to what is to happen once the parent is given the required notice. It would be illogical to require that a parent be notified that their child would not be adopted by the prospective adoptive parent specified in the surrender, but then not allow them to do anything about it. To construe the statute in such a manner would be to render the statute meaningless and purposeless.
Finally, the court notes that Social Services Law § 383-c (6) (c) is contained in a subdivision captioned “Effect of surrender and revocation” (Social Services Law § 383-c [6] [emphasis added]). That subdivision deals with when a parent may and may not revoke a surrender. The inclusion of this provision in that subdivision supports the conclusion that a parent must be notified when the adoptive parent specified in the surrender cannot adopt precisely so as to give them the opportunity to revoke their surrender.
*569 For the reasons stated above, this court finds that when, prior to adoption, the person specified in the surrender cannot, or will not adopt the child, the instrument of surrender is a nullity, and the parent thereof has the right to revoke the surrender. Accordingly, Ms. P. F.’s application to have the judicial surrenders which she had previously executed deemed without effect and/or void, which the court deems to be an application to revoke the judicial surrenders, is granted.

 Any possible ambiguity in the instrument itself is resolved by the minutes of the proceeding which took place on October 13,1994, which clearly indicate that the surrender was expressly conditioned upon the children being adopted by Ms. P.