OPINION OF THE COURT
Ann Marie Taddeo, J.
The Monroe County Department of Social Services (MCDSS) *670 has brought a motion to dismiss the instant custody petition filed by Vernell Beauford. The court has reviewed the affirmation of Deputy County Attorney James Paulino, Esq., in support of the motion as well as the affidavit of petitioner’s counsel Thomas M. V. Winward, Esq., in opposition to the motion. The court has also heard oral argument from counsel for both parties and from Law Guardians John Rivoli, Esq., and James Hinman, Esq.
Background
On October 16, 1997, A.T., the biological mother of the four subject children, executed a judicial surrender with regard to the children. On March 31, 1998, the children’s biological father, F.W., also executed judicial surrenders. Each of the surrenders contains the condition that the children be adopted by Vernell Beauford, the paternal grandmother.
The children were initially placed in foster care with Ms. Beauford, under the supervision of MCDSS, in 1995. In June 1998, A.T. made a referral to the child protective service alleging that her 11-year-old daughter, L.W., was raped by F.W. while in Ms. Beauford’s care. A subsequent investigation led to the removal of all four children from Ms. Beauford’s home and the revocation of her foster care license. The child protective referral against Ms. Beauford was indicated for permitting and facilitating repeated contact between her son (F.W.) and L.W., for not taking adequate steps to protect the children from exposure to him and for misleading conduct during the course of the investigation. The case against F.W. was indicated for sexual abuse and he was charged criminally with rape in the first degree. Based on these events, MCDSS has determined that Ms. Beauford is not an appropriate adoptive resource for the children.
On December 10, 1998, Ms. Beauford filed her petition seeking custody of the four subject children. MCDSS filed its motion to dismiss on January 29, 1999.
Discussion
After the surrender of a child by his biological parents, adoption becomes the exclusive method for obtaining custody of that child. The court lacks the authority to entertain a custody petition with regard to a surrendered child, even where it is brought by a member of the child’s extended family. (Matter of Genoria SS. v Christina TT., 233 AD2d 827, 828 [3d Dept *671 1996]; see, Matter of Peter L., 59 NY2d 513 [1983].) This rule is consistent with the goal of providing a surrendered child with a permanent adoptive home, without undue delay, which is embodied in Social Services Law § 383-c. (See, Governor’s Mem approving L 1990, ch 479, 1990 McKinney’s Session Laws of NY, at 2724.)
MCDSS argues that the surrenders filed by A.T. and F.W. are valid and, therefore, the custody petition must be dismissed. Ms. Beauford counters that the surrenders are void because the condition contained therein, that the children would be adopted by her, cannot be satisfied.
A surrender is a statutory instrument. The judicial surrenders executed in this case are governed by Social Services Law § 383-c. This statute contains a provision that specifically addresses the situation in which it is determined by the authorized agency that the person specified in the surrender will not adopt the child. Under such circumstances, “the agency promptly shall notify the parent thereof, unless such notice is expressly waived”.[1] (Social Services Law § 383-c [6] [c].) No other ramifications arising from the failure of this condition are set forth in the statute. Indeed, the specific circumstances which render a surrender a nullity are set forth in detail in the preceding two paragraphs, and do not include the failure of this condition. (Social Services Law § 383-c [6] [a], [b].) Had the Legislature intended that a surrender be deemed a nullity under these circumstances it would have so stated.[2] (See, Pajak v Pajak, 56 NY2d 394, 397 [1982].) Thus, under the statutory scheme, the surrenders continue in full force and effect despite the fact that the children will not be adopted by Ms. Beauford.
Because the surrenders are valid, Ms. Beauford’s custody petition must fail. By reason of the foregoing, the motion to dismiss is granted.
Pursuant to section 1113 of the Family Court Act, an appeal must be taken within 30 days of receipt of the order by appellant in court, 35 days from the mailing of the order to the ap *672 pellant by the clerk of the court, or 30 days after service by a party or Law Guardian upon the appellant, whichever is earliest.

. In this case, MCDSS met its statutory obligation by sending the required notices to F.W. and A.T. on February 24, 1999.

. The court agrees with the decision in Matter of Shannon F. (175 Misc 2d 565 [Fam Ct, Richmond County 1998]), to the extent that it construes the purpose of the notice requirement as providing the surrendering parents with an opportunity to challenge the surrender where the adoptive parent specified in the surrender cannot adopt. The court disagrees, however, that the failure of such a condition renders the surrender a nullity.