[701 NYS2d 171]

In the Matter of CHRISTOPHER F., an Infant. BRENDA F., Appellant; ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

Third Department, December 30, 1999

### APPEARANCES OF COUNSEL

*D.J. & J.A. Cirando,* Syracuse (*John A. Cirando* of counsel), for appellant.

*Angel D. Stewart,* Canton, for respondent.

*Michael P. Ribley,* Canton, *Law Guardian,* for infant.

### OPINION OF THE COURT

MERCURE, J.

Petitioner is the biological mother of a son, Christopher, born in 1983. On November 25, 1996, petitioner and her husband* voluntarily executed judicial surrenders consenting to the adoption of Christopher by Charles Dill and Carol Dill, the foster parents with whom Christopher was living at the time. The judicial surrender instrument executed by petitioner provided in pertinent part as follows: "I understand that [Christopher] will be adopted by [the Dills]. [The Dills] will allow myself and Christopher's siblings to have ongoing contact with Christopher, the frequency and location of this contact will be decided by [the Dills]." Following a January 1997 occurrence, Christopher was removed from the Dills' home and the Dills decided not to proceed with the adoption.

On March 10, 1997, petitioner filed a petition for revocation of the judicial surrender based upon her claim of failure of the conditions of the surrender instrument that Christopher be adopted by the Dills and that petitioner and Christopher's siblings be permitted ongoing contact with Christopher. The petition sought to revoke the judicial surrender, to enjoin respondent from promoting or permitting the adoption of Christopher, to establish an early date for the review of Christopher's foster care status, and to direct respondent to reinstate visitation with Christopher. Following a hearing, Family Court denied the petition except to the extent that petitioner was ultimately permitted to reestablish contact with Christopher. Petitioner appeals.

The definitive issue for our consideration is whether the provision of the surrender instrument that Christopher be adopted

---

* Petitioner's husband has taken no part in this appeal or the underlying proceedings in Family Court.

by the Dills may be regarded as a condition precedent, the failure of which permitted petitioner to revoke her consent to the adoption. Although we find no appellate authority on point, the issue has been addressed in two reported Family Court decisions, *Matter of Shannon F.* (175 Misc 2d 565) and *Matter of Beauford v Monroe County Dept. of Social Servs.* (180 Misc 2d 669), with conflicting results. Based upon our common-sense interpretation of the applicable statutory framework, we conclude that the question should be answered in the affirmative. We accordingly reverse Family Court's order and remit the matter for further proceedings on the petition.

Social Services Law § 383-c (1) provides that: "[t]he guardianship of the person and the custody of a child in foster care under the age of eighteen years may be committed to an authorized agency by a written instrument which shall be known as a surrender." Of greatest relevance here, the statute also provides that: "the instrument shall be upon such terms and subject to such conditions as may be agreed upon by the parties thereto" (Social Services Law § 383-c [2]) and further that: "the child will be adopted without the parent's consent and without further notice to the parent, and will be adopted by any person that the agency chooses, *unless the surrender paper contains the name of the person or persons who will be adopting the child*" (Social Services Law § 383-c [5] [b] [iii] [emphasis supplied]). Finally, Social Services Law § 383-c (6) (c) provides: "[i]n any case in which the authorized agency determines that the persons specified in the surrender will not adopt the child, the agency promptly shall notify the parent thereof, unless such notice is expressly waived by a statement written by the parent and appended to or included in such instrument."

As can be seen, the plain language of Social Services Law § 383-c (2) and (5) (b) (iii) mandates the conclusion that, in enacting Social Services Law § 383-c, the Legislature intended that biological parents be permitted to establish terms for and impose conditions upon the adoption of their children, including the right to select the proposed adoptive parent or parents, subject only to the advance approval of the court. Further, the statute makes express provision for the very circumstance presented here, i.e., "that the persons specified in the surrender will not adopt the child" (Social Services Law § 383-c [6] [c]) and requires that the biological parent be given notice in such event (Social Services Law § 383-c [6] [c]). Nonetheless, respondent's analysis would render the giving of such notice an empty act by providing the biological parent with no means of

preventing this clear-cut breach of an express term of the surrender instrument. We are not persuaded.

It is a fundamental canon of statutory construction that statutes will not be construed in such a way as to render them ineffective (McKinney's Cons Laws of NY, Book 1, Statutes § 144, at 291-292). Thus:

"In the course of construing a statute the court must assume that every provision thereof was intended for some useful purpose, and that an enforceable result was intended by the statute. The courts will not impute to lawmakers a futile and frivolous intent, and the intention is not lightly to be imputed to the Legislature of solemnly enacting a statute which is ineffective. Statutes are to be interpreted workably, and a statute must not be construed in such a way that would result in the Legislature having performed a useless or vain act.

"A construction which would render a statute ineffective must be avoided, and as between two constructions of an act, one of which renders it practically nugatory and the other enables the evident purposes of the Legislature to be effectuated, the latter is preferred" (McKinney's Cons Laws of NY, Book 1, Statutes § 144, at 291-292).

Obviously, for the Legislature to construct a statutory scheme that (1) gives biological parents the right to specify who will adopt their child, (2) limits their consent to the adoption accordingly, and (3) provides for notice to the biological parents if the adoption cannot be completed on those terms, but then deprives the biological parents of any recourse is senseless, and we decline to interpret Social Services Law § 383-c in such a fashion (*see, Matter of Shannon F.*, 175 Misc 2d 565, 568, *supra*; Carrieri, 1998 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 383-c, 1999 Pocket Part, at 192-193).

The authority cited by respondent for a contrary result is not persuasive. Notably, cases dealing with a postadoption breach of an agreement that the biological parents be permitted ongoing contact with the child (*see, e.g., Matter of Sabrina H.*, 245 AD2d 1134; *Matter of Alexandra C.*, 157 Misc 2d 262) are inapposite. In those cases, the adoption had already been completed, thereby implicating the child's best interest, and the breach could be remedied by means of an order compelling specific performance. In this case, there was no remedy for the Dills' refusal to proceed with the adoption and petitioner's revocation of her consent to the adoption merely placed the involved parties in their original positions, with no apparent prejudice to any of them.

We believe that our resolution of the issue balances the biological parent's right to revoke a surrender upon the failure of a condition precedent with the child's right to a permanent home. Where, as here, a parent who receives a notice pursuant to Social Services Law § 383-c (6) (c) promptly moves to revoke the surrender, the application should be granted. In the absence of such timely motion, however, the surrender remains extant and will provide a proper basis for an adoption. As a final matter, we note that respondent's right to pursue a proceeding based upon petitioner's abandonment, permanent neglect, mental illness or mental retardation, should it be so advised, is unimpaired by the revocation of the surrender (Carrieri, 1998 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 383-c, 1999 Pocket Part, at 192).

Respondent's additional contentions have been considered and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's application for revocation of her judicial surrender; application granted and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.