In the Matter of MIA T. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMILIO T., Appellant. DONNA L., Nonparty Respondent. (Proceeding No. 1.) In the Matter of NEVAEH T. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMILIO T., Appellant. DONNA L., Nonparty Respondent. (Proceeding No. 2.) [930 NYS2d 282]—

In April 2009, the father executed judicial surrenders in which he agreed to relinquish guardianship and custody of his two biological children to the Suffolk County Department of Social Services (hereinafter the DSS) on the condition that the children would be adopted by Donna L., their foster mother. As a further condition to the surrenders, pursuant to Social Services Law § 383-c (2) (b), the foster mother, the father, the DSS, and the Attorney for the Children entered into contact agreements entitling the father to monthly visits with the children, plus a visit on Father's Day, and continuing communication by phone, pictures, and cards. In February 2010, prior to adoption, the foster mother filed a petition to rescind the surrenders or, alternatively, in effect, to vacate the contact agreements that were conditions of the surrenders. After a hearing, the Family Court concluded that the foster mother had standing to file the petition, that the contact agreements should be vacated in the best interests of the children, and that, in effect, the surrenders should remain intact as so modified. This was error.

"[S]ince adoption in this State is 'solely the creature of . . . statute,' " statutory provisions regarding adoptions "must be strictly construed" (*Matter of Jacob*, 86 NY2d 651, 657 [1995], quoting *Matter of Eaton*, 305 NY 162, 165 [1953]). Prior to adoption, Family Court Act § 1055-a (b) permits "any party" to an approved contact agreement entered into pursuant to Social Services Law § 383-c (2) (b) to file a petition only "to enforce such agreement," not to terminate or vacate the agreement (Family Ct Act § 1055-a [b]). That statute empowers the Family Court only to refuse to enforce, not vacate, an executed and acknowledged contact agreement once a petition for enforcement is filed and only if doing so would be in the best interests of the child (*see* Family Ct Act § 1055-a [b]). Moreover, under Social Services Law § 383-c, the statute that governs a surrender of a child in foster care, a foster parent who is designated an adoptive parent by a judicial surrender is not a party to the surrender and, therefore, cannot seek to vacate the surrender (*see* Social Services Law § 383-c [1], [3], [6] [c]; [8], [9]). Accordingly, the foster mother did not have standing to file a petition seeking to vacate the contact agreements that were conditions of the surrenders at issue here, and that branch of the petition

which was, in effect, to vacate the contact agreements should have been dismissed. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.