*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014　　　　　516265
_____

In the Matter of BENTLEY XX.,
　　an Infant.

ST. LAWRENCE COUNTY DEPARTMENT
　　OF SOCIAL SERVICES,
　　　　　　　　　Respondent;　　　　OPINION AND ORDER

ERIC XX.,
　　　　　　　　　Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

　　　　Alexander Lesyk, Norwood, for appellant.

　　　　David Willer, St. Lawrence County Department of Social Services, Canton, for respondent.

　　　　Cheryl Maxwell, Plattsburgh, attorney for the child.

_____

Devine, J.

　　　　Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered December 14, 2012, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 383-c, to modify the terms of a written judicial instrument of surrender of parental rights.

　　　　Respondent is the biological father of a son, Bentley XX. (born in 2010), who has been in the care and custody of

petitioner since birth.  In February 2012, respondent executed a conditional judicial surrender of the guardianship and custody of Bentley (see Social Services Law § 383-c).  The condition relevant to the present dispute states that "the surrender of guardianship and custody of Bentley [XX.] is subject to the . . . condition [that he] will be adopted by Tanya [YY.] and Datus [YY.]."  Following the execution of the judicial surrender, and before the adoption was finalized, Datus and Tanya separated and Tanya thereafter ceased pursuing Bentley's adoption while Datus, Bentley's maternal grandfather, remained willing to adopt.

In June 2012, petitioner notified respondent, Family Court and the attorney for the child, among others, of this development (see Social Services Law § 383-c [6] [c]) and filed a petition seeking a modification of the judicial instrument of surrender to permit the adoption of Bentley by Datus alone.  At the initial appearance on the petition, respondent declined to consent to the modification and Family Court scheduled a hearing.  Following the hearing, at which respondent requested that the judicial instrument of surrender be revoked, Family Court, applying a best interests of the child standard, denied respondent's request, granted the petition and modified respondent's judicial instrument of surrender by deleting the condition requiring Tanya to adopt Bentley.  Respondent appeals.

On this appeal, we are once again tasked with construing the statutory provisions governing the conditional judicial surrender of guardianship and custody of a child (see Matter of Christopher F., 260 AD2d 97, 99-101 [1999]).  The statutory scheme concerning a conditional judicial surrender has a long history of being opaque and incomplete (see e.g. id. at 99-101) and, since we last had occasion to interpret them, the provisions at issue here have undergone substantial amendment (see Social Services Law § 383-c, as amended by L 2002, ch 76, § 7, and L 2005, ch 3, part A, § 46; Family Ct Act § 1055-a, as added by L 2005, ch 3, part A, § 19).

Social Services Law § 383-c provides for, among other things, a parent's conditional judicial surrender of the guardianship and custody of his or her child, including a surrender conditioned upon the adoption by a particular person or

persons (see Social Services Law § 383-c [1], [2], [3]). Prior to 2002, Social Services Law § 383-c (6) (c) provided that, with regard to a conditional judicial surrender, "[i]n any case in which the authorized agency determines that the persons specified in the surrender will not adopt the child, the agency promptly shall notify the parent thereof, unless such notice is expressly waived by a statement written by the parent and appended to or included in such instrument" (Social Services Law § 383-c [6] [former (c)], as added by L 1990, ch 479, § 2). As we previously observed when we had occasion to interpret and apply the provisions of the statute, the scheme set forth in the statute was incomplete (see Matter of Christopher F., 260 AD2d at 99-101). Subsequently, the Legislature, mindful that there were "critical gaps" in the statutory scheme because "the statute [was] silent with respect to the procedure to be followed should a substantial failure of a material condition occur prior to the adoption," amended Social Services Law § 383-c (6) (c) in an attempt "to fill this procedural void" (Sponsor's Mem, Bill Jacket, L 2002, ch 76 at 3). The amended statute broadened the circumstances in which notice was required to be given by the authorized agency to include not only when "the persons specified in the surrender will not adopt the child" but also "any other case of a substantial failure of a material condition prior to the finalization of the adoption of the child" (Social Services Law § 383-c [6] [c], as amended by L 2002, ch 76, § 7). The amendments also added new requirements that the court and the attorney for the child be notified by the agency and that the agency "shall file a petition on notice to the parent and [attorney for the child] . . . within [30] days, except for good cause shown, in order for the court to review such failure and, where necessary, to hold a hearing" (Social Services Law § 383-c [6] [c], as amended by L 2002, ch 76, § 7). The amendment further provided that, "in the absence of such a filing, the parent and/or [attorney] for the child may file such a petition" (Social Services Law § 383-c [6] [c], as amended by L 2002, ch 76, § 7).[1]

---

[1] The 2002 amendment permitted the filing of the petition "at any time prior to the adoption" (Social Services Law § 383-c [6] [former (c)], as amended by L 2002, ch 76, § 7), but the

In the case now before us, we find that Family Court misconstrued the amended provisions and erred in granting the petition.  Pursuant to the language of the statute, the petition contemplated by Social Services Law § 383-c (6) (c) and Family Ct Act § 1055-a (a) is solely for the purpose of bringing the matter before the court "to review such failure" – namely, to permit the court to determine whether there has, in fact, been a substantial failure of a material condition; petitioner was not entitled to seek a modification of the surrender instrument over respondent's objections, and Family Court erred in granting petitioner such relief (see Matter of T. R. v Chemung County Dept. of Soc. Servs., 11 Misc 3d 564, 568-570 [Fam Ct, Chemung County 2005]; cf. Matter of Mia T., 88 AD3d 730, 731-732 [2011]).  To permit such a result to flow from a statutory requirement that, upon the failure of a condition of a surrender instrument, the authorized agency file a petition in order to return the matter to Family Court would contravene the statutory scheme whereby the initial surrender was permitted only "upon such terms and subject to such conditions as may be agreed upon by the parties thereto" (Social Services Law § 383-c [2] [a]; see Social Services Law § 383-c [5] [b] [iii], [iv]; [c]; Matter of Christopher F., 260 AD2d at 99-100).[2]  Furthermore, such an outcome would offend the deep-seated principle that a parent has a "fundamental liberty interest in the care, custody and management" of his or her child which cannot be lightly overcome (Santosky v Kramer, 455 US 745, 753 [1982]).

---

statute was further amended in 2005 to, among other things, limit the time to file a petition to "up to [60] days after the notification of the failure" (Social Services Law § 383-c [6] [c], as amended by L 2005, ch 3, part A, § 46).

[2]  In fact, while the statute is clear that "the parent cannot be forced to sign the surrender paper" (Social Services Law § 383-c [5] [iv]), petitioner and Family Court here have forced a modification of that paper on respondent (see generally Social Services Law § 383-c [6] [d]).  In our view, there is no relevant distinction between these two situations.

Next, we must consider respondent's request — made before Family Court and raised again before us on appeal — that the judicial instrument of surrender be revoked. As discussed above, the amendments subsequent to our decision in Matter of Christopher F. (supra) created a new procedure whereby Family Court could determine whether there has been a substantial failure of a material condition of a conditional judicial instrument of surrender. However, as was apparent at the time of their passage, the 2002 amendments did not serve to fill all the gaps in the statutory scheme (see Letter from Office of Children and Family Servs, May 20, 2002 at 2, Bill Jacket, L 2002, ch 76, at 11 ["This legislation represents a partial solution to the difficulties that currently arise where parents surrender a child subject to a condition that subsequently fails."]; Budget Report on Bills, Bill Jacket, L 2002, ch 76, at 7 ["(T)his bill provides only a partial solution to the problems that occur when parents surrender children under stipulations that are not fulfilled."]). Notably, although, as discussed above, the 2002 amendments to Social Services Law § 383-c (6) (c) created a procedure by which to determine whether there has been a substantial failure of a material condition contained within a judicial instrument of surrender, the statutes that govern the circumstances here do not indicate what, if anything, a biological parent may do when faced with such a failure (see Social Services Law § 383-c [6] [c]; Family Ct Act § 1055-a [a]).

In Matter of Christopher F. (supra), we were presented with a biological parent's application to revoke a judicial instrument of surrender. We concluded that, although no procedures beyond notification of the parent were set forth in the statute at that time (see Social Services Law § 383-c [6] [former (c)], as added by L 1990, ch 479, § 2), "based upon our common-sense interpretation of the applicable statutory framework," the failure of the provision of the surrender instrument conditioning the biological parent's surrender on adoption of the child by the person specified in the surrender "permitted [the biological parent] to revoke her consent to the adoption" (Matter of Christopher F., 260 AD2d at 98-99). Accordingly, we granted the parent's application for revocation of the judicial surrender. "'The Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment'"

(Jensen v General Elec. Co., 82 NY2d 77, 86 [1993], quoting Arbegast v Board of Educ., 65 NY2d 161, 169 [1985]).  Since the subsequent statutory amendments did nothing to abrogate or replace the relevant portions of our holding in Matter of Christopher F. (260 AD2d at 99-101), we conclude that, when there has been a substantial failure of a material condition of a judicial instrument of surrender, the procedure we endorsed in Matter of Christopher F. (supra) remains the appropriate procedure.  In such a circumstance, the surrendering parent may bring an application before the court — either by petition or by motion — for revocation of the instrument (see id. at 101).

Turning to the case at hand, we first conclude that, as the statute makes clear, where, as here, "the persons specified in the surrender will not adopt the child," there has been a substantial failure of a material condition (Social Services Law § 383-c [6] [c]).[3]  Consequently, once "the biological parent's right to revoke a surrender upon the failure of a condition precedent" was invoked, respondent's oral motion before Family Court should have been granted (Matter of Christopher F., 260 AD2d at 101).  Finally, we note that the revocation of the judicial surrender instrument "merely place[s] the involved parties in their original positions, with no apparent prejudice to any of them" (id. at 100), and "[petitioner's] right to pursue a proceeding based upon [respondent's] abandonment, permanent neglect, mental illness or mental retardation, should it be so advised, is unimpaired by the revocation of the surrender" (id. at 100-101).

Stein, J.P., McCarthy, Garry and Lynch, JJ., concur.

---

[3]  The statute states that "[i]n any case in which the authorized agency determines that the persons specified in the surrender will not adopt the child or in any other case of a substantial failure of a material condition" its notification and petition provisions are invoked (Social Services Law § 383-c [6] [c] [emphasis added]).  Thus, if the person(s) specified in the instrument will not adopt the child, there is a per se substantial failure of a material condition.

ORDERED that the order is reversed, on the law, without costs, petition dismissed and respondent's application for revocation of the judicial instrument of surrender granted.

ENTER:

Robert D. Mayberger
Clerk of the Court