Matter of Mehki L.W. (Keyara J.) (2019 NY Slip Op 05207)





Matter of Mehki L.W. (Keyara J.)


2019 NY Slip Op 05207


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9759

[*1]In re Mehki L.W., Catholic Guardian Services, Petitioner-Respondent, Keyara J., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Appeal from order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about March 16, 2018, which denied respondent mother's motion to vacate a conditional surrender of the child, unanimously dismissed, without costs, as moot.
Prior to the finalization of an adoption, where there is a substantial failure of a material condition of a surrender executed pursuant to Social Services Law (SSL) § 383—c, Family Court may rehear the matter sua sponte, or upon petition by the agency, parent or attorney for the child (see Family Court Act § 1055—a [a]). Here, however, it appears that the adoption of the child was finalized during the pendency of this appeal. Thus, the parties' rights will not be directly affected by our determination on this issue, and it is therefore moot (see generally Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714 [1980]). Accordingly, we dismiss the appeal.
In any event, we find that the Family Court properly denied the mother's motion to vacate the conditional surrender. Although petitioner complied with the statutory notice requirements, the mother waited over a year in moving to vacate the surrender after she knew or should have known of the substantial failure of a material condition, namely that the foster father would no longer be an adoptive resource for the child (see SSL § 383-c[6][c]; cf. Matter of Christopher F. , 260 AD2d 97, 99-101 [3d Dept 1999]). Moreover, it is undisputed that the mother failed to provide petitioner with her updated contact information, as required under the express terms of the judicial surrender (see SSL § 383-c[5][c][iii]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK