Matter of Elizabeth W. (Jene A.) (2022 NY Slip Op 05039)

Matter of Elizabeth W. (Jene A.)

2022 NY Slip Op 05039

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-10982
 (Docket Nos. A-20644-17, A-20645-17, A-20646-17, A-20647-17, A-20648-17, A-20649-17)

[*1]In the Matter of Elizabeth W. (Anonymous), appellant.Suffolk County Department of Social Services, petitioner-respondent; Jene A. (Anonymous), et al., nonparty-respondents (and other titles).

Arza R. Feldman, Manhasset, NY, attorney for the child Elizabeth W., the appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for petitioner-respondent.
Heather A. Fig, Bayport, NY, for nonparty-respondents.
Jordan M. Freundlich, Lake Success, NY, attorney for the children Gabriella W. and Aleah W.

DECISION & ORDER
In related proceedings, inter alia, pursuant to Social Services Law § 383-c(6)(c) to review a failure of a material condition of judicial surrenders of the subject children for the purpose of adoption, the child Elizabeth W. appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated August 26, 2019. The order, insofar as appealed from, after a hearing, denied the petitions of the child Elizabeth W. to vacate the judicial surrenders of the children Gabriella W. and Aleah W., denied those branches of the mother's petition which sought the same relief, and dismissed the paternal grandfather's petitions for custody of the children Gabriella W. and Aleah W.
ORDERED that the appeal from so much of the order as denied those branches of the mother's petition which were to vacate the judicial surrenders of the children Gabriella W. and Aleah W. and dismissed the paternal grandfather's petitions for custody of the children Gabriella W. and Aleah W. is dismissed, without costs or disbursements, as the child Elizabeth W. is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In November 2016, neglect proceedings were commenced against the mother and the father with respect to their three children, Elizabeth W. (hereinafter the appellant) and her sisters Gabriella W. and Aleah W. The three children were placed in foster care with nonparties, Jene A. and Eran A. (hereinafter together the foster parents). In December 2017, the mother and the father [*2]signed conditional judicial surrenders with respect to each child, terminating their parental rights on the condition that the children would be adopted by the foster parents, and the biological parents would have one visit per year with the children and receive one letter per year with respect to each child.
In January 2018, the foster parents requested that the appellant be removed from their care. Thereafter, the Suffolk County Department of Social Services filed a petition to review a failure of a material condition of the judicial surrender of the appellant, since the foster parents no longer wished to adopt her. The appellant's paternal grandfather petitioned for custody of the appellant, and the appellant was temporarily placed in his custody in Florida. The appellant's attorney then filed three separate petitions, one as to each child, pursuant to Social Services Law § 383-c(6)(c) and Family Court Act § 1055-a(a) to review the failure of a material condition of the judicial surrenders of the children. The petitions sought to vacate all three judicial surrenders on the ground that they were contingent on the foster parents adopting all three of the children. The mother filed her own petition, seeking to vacate the judicial surrenders of all three children on the same ground.
In an order dated September 27, 2018, the Family Court determined that there was "a material failure of all three surrenders," and directed a "best interests hearing" to determine whether those material failures required the vacatur of the judicial surrenders. The paternal grandfather subsequently filed petitions for custody of Gabriella W. and Aleah W. The court then conducted a hearing with respect to the petitions of the appellant and the mother and the paternal grandfather's three custody petitions.
Thereafter, in an order dated August 26, 2019, the Family Court vacated the judicial surrender of the appellant and directed that the paternal grandfather's petition for custody of the appellant "may proceed." However, the court denied the appellant's petitions to vacate the judicial surrenders of Gabriella W. and Aleah W., denied those branches of the mother's petition which were to vacate the judicial surrenders of Gabriella W. and Aleah W., dismissed the paternal grandfather's petitions for custody of Gabriella W. and Aleah W., and directed that the judicial surrenders of Gabriella W. and Aleah W. were to remain in effect and that the foster parents' adoption proceedings as to them "may proceed." On appeal, the appellant challenges so much of the order dated August 26, 2019, as denied her petitions to vacate the judicial surrenders of Gabriella W. and Aleah W., denied those branches of the mother's petition which sought the same relief, and dismissed the paternal grandfather's petitions for custody of Gabriella W. and Aleah W., contending that all three children should reside together with the paternal grandfather.
The appellant is not aggrieved by the portions of the order appealed from denying those branches of the mother's petition which were to vacate the judicial surrenders of Gabriella W. and Aleah W. and dismissing the paternal grandfather's petitions for custody of Gabriella W. and Aleah W., as those portions of the order neither denied any relief sought by the appellant nor made a determination concerning the custody of the appellant (see Matter of Newton v McFarlane, 174 AD3d 67, 74-75; Mixon v TBV, Inc., 76 AD3d 144, 156). The appellant, however, is aggrieved by the portion of the order denying her own petitions to vacate the judicial surrenders of Gabriella W. and Aleah W., since, in those petitions, the appellant "ask[ed] for relief but that relief [was] denied in whole or in part" (Mixon v TBV, Inc., 76 AD3d at 156 [emphasis omitted]).
Nonetheless, whether the appellant was entitled to ask for that relief in the first instance presents a separate question. The appellant was not a party to, and was not the subject of, the judicial surrenders of Gabriella W. and Aleah W. The statutes governing the Family Court's review of a failure of a material condition of a judicial surrender authorize the filing of petitions by the relevant agency, by the parent, and by the "attorney for the child" (Family Court Act § 1055-a[a] [emphasis added]; see Social Services Law § 383-c[6][c] [petition may be filed by agency, parent, or "law guardian for the child"]). We interpret the statutory reference to "the child" to mean the child who is the subject of the judicial surrender that is under review. "[S]ince adoption in this State is solely the creature of . . . statute, statutory provisions regarding adoptions must be strictly construed" (Matter of Mia T. [Emilio T.], 88 AD3d 730, 731 [internal quotation marks omitted]). Thus, a person who is not a party to a judicial surrender and is not authorized by statute to file a [*3]petition seeking to vacate a judicial surrender lacks standing to file such a petition (see id. at 731). Although the appellant had standing pursuant to Domestic Relations Law § 71 to apply for sibling visitation (see Matter of Long v Donoghue, 167 AD3d 614) (and she was, in fact, granted sibling visitation in a provision of the Family Court's order not challenged on appeal), seeking to become involved in litigating a parent's judicial surrender of a sibling for the purpose of adoption is an entirely different matter.
Accordingly, while the Family Court denied the appellant's petitions relating to Gabriella W. and Aleah W. on the merits, we affirm on a different ground. Since the appellant was not a party to the judicial surrenders of Gabriella W. and Aleah W., and is not a person authorized to file a petition seeking to vacate either of those judicial surrenders, she did not have standing to file such petitions. Therefore, on that basis, her petitions were properly denied.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court