Matter of Samuel S. (Amber V.--Lindsay U.) (2023 NY Slip Op 03728)

Matter of Samuel S. (Amber V.--Lindsay U.)

2023 NY Slip Op 03728

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

533497
[*1]In the Matter of Samuel S. and Another, Infants. Amber V., Appellant; Lindsay U. et al., Respondents.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Thomas H. Kheel, Lansing, for appellant.
Donna C. Chin, Niverville, attorney for the child.
Andrea J. Mooney, Ithaca, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Tompkins County (John C. Rowley, J.), entered May 28, 2021, which, in a proceeding pursuant to Domestic Relations Law article 7, granted a motion by the attorney for the children to dismiss the petition.
In 2019, petitioner surrendered her rights to her two sons (born in 2014 and 2016) and executed a judicial consent to their adoption. In conjunction with the surrender, Family Court approved a postadoption contact agreement allowing petitioner to have monthly visits with the children, access to the adoptive parents' telephone number and address, the ability to send cards and gifts to the children and to be provided with short reports on the health, education and activities of the children, among other things. In June 2020, petitioner, pro se, filed a petition for enforcement of the contact agreement as to the older child, later amended to include both children, alleging that the pre-adoptive parents were in violation of the contact agreement by, among other things, failing to provide petitioner with their current phone number and address, obstructing all visitation and contact and failing to provide reports on the health, education and activities of the children. Based on petitioner's failure to appear for some of the hearing dates, Family Court dismissed the petition, with prejudice.
Petitioner then filed a second petition in March 2021, asking Family Court to revoke both the contact agreement and the judicial consent as to both of the children based on the pre-adoptive parents' violation of the agreement. The allegations set forth in the second petition were identical to those that gave rise to the first petition, but the relief sought was different inasmuch as petitioner sought to revoke the contact agreement and the judicial surrender, rather than just enforcement of the contact agreement. Family Court granted a motion by the attorney for the children to dismiss the second petition, finding that it was barred by res judicata and that it failed to state a cause of action inasmuch as Family Ct Act § 1055-a does not authorize the court to terminate or revoke a postadoption contact agreement, only to enforce it. Petitioner appeals from this order.
Initially, this appeal has been rendered moot as to the older child given that, in January 2023, Family Court vacated petitioner's judicial consent for adoption of this child. As such, the associated contact agreement no longer applies and the instant proceeding is moot as to the older child (see Matter of Audra Z. v Lina Y., 135 AD3d 1197, 1198 [3d Dept 2016]), and the exception to the mootness doctrine does not apply (see Matter of Giuseppa T. v Anthony U., 214 AD3d 1239, 1240 [3d Dept 2023]). Given that the judicial consent to the adoption of the younger child remains in effect, as well as the contact agreement, we address the appeal on the merits as to the younger child.
We turn first to the issue of whether the second petition is barred by res judicata[*2]. "The doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein" (Matter of Weaver v Weaver, 198 AD3d 1168, 1169 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Stephen N. v Amanda O., 140 AD3d 1223, 1224-1225 [3d Dept 2016]). Significantly, in April 2022, while this appeal was pending, Family Court granted a motion by petitioner to set aside the prior order dismissing the first petition and restored the matter to the court's calendar. As of the date of this decision, it appears that the first petition is still pending. Given the foregoing, it cannot be said that the first petition has been decided, thus, res judicata does not bar the second petition. This does not, however, require that this Court reverse Family Court's determination.
We turn now to petitioner's contention that Family Court erred in determining that petitioner failed to state a cause of action given that Family Ct Act § 1055-a does not authorize the court to terminate or revoke a postadoption contact agreement, only to enforce it. As relevant here, Family Ct Act § 1055-a (b) provides that, if a child who is the subject of a postadoption contact agreement has not yet been adopted, any party to the agreement can file a petition seeking enforcement. Although Family Ct Act § 1055-a (b) provides for the enforcement of postadoption contact agreements, it does not provide a mechanism for the revocation of said agreements, as sought in the second petition (see Matter of Mia T. [Emilio T.], 88 AD3d 730, 731 [2d Dept 2011]). Moreover, as to petitioner's contention that the judicial consent to adoption should be revoked based upon the pre-adoptive parents' failure to abide by the terms of the contact agreement, failure to abide by such an agreement "shall not be grounds for . . . revocation of written consent to an adoption after that consent has been approved by the court" (Domestic Relations Law § 112-b [3]). As such, Family Court did not err in dismissing petitioner's second petition on the basis of failure to state a cause of action. To the extent that petitioner's remaining contentions are properly before this Court, they are found to be without merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.