OPINION OF THE COURT
Richard D. Rosenbloom, J.
In this paternity proceeding, respondent moves for a blood-grouping test pursuant to section 532 of the Family Court Act *333 and for an order requiring the mother of the child in question to authorize respondent or his representative to examine the hospital records relating to the birth of the child. Petitioner consents to the blood-grouping test and opposes the request for hospital records authorization.
There is no specific provision of the Family Court Act dealing with inspection of hospital records. Section 165 of the Family Court Act provides: "Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” CPLR 101 provides: "The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.”
The hospital records in question can certainly be produced at the time of hearing pursuant to subpoena and should be subject to full disclosure (CPLR 3101). "In filiation proceedings, as in every matter which comes before the Family Court, the practice should conform with the requirements of the Family Court Act and the CPLR.” (Rodoe v Noneus, 23 AD2d 212, 214.)
CPLR 3121 permits a blood examination in an action in which the blood relationship of a party is in controversy. It also provides that a notice for a blood examination may require "duly executed and acknowledged written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition or blood relationship”. The blood relationship between respondent and the child is clearly in controversy in this proceeding and this court finds that the provisions of CPLR 3121 are appropriate and should be applied.
Respondent’s motion is granted and the mother of the child is ordered to execute and acknowledge a written authorization permitting respondent or his representative to obtain and copy the hospital records relating to the birth of the child, Shawn Meier, on September 12, 1972. In the event that respondent obtains a copy of the hospital record, he shall deliver a duplicate thereof to petitioner.