In the Matter of CHRISTOPHER LEROMAIN, Appellant, v LUCY A. VENDURO, Respondent.

Third Department, July 21, 1983

APPEARANCES OF COUNSEL

*Shaye & Milstein (Susan B. Milstein* of counsel), for appellant.

*Harvey & Harvey, Mumford & Kingsley (Michael T. Kellogg* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether a petitioner in a paternity proceeding, in which he seeks an order of filiation declaring his paternity, is entitled to certain pretrial

disclosure and to have blood-grouping tests done. Family Court ruled that petitioner was not entitled to the relief sought since, pursuant to section 531 of the Family Court Act, a respondent cannot be compelled to testify.

■ As to the blood-grouping tests, respondent contends that petitioner never made a motion for an order directing the tests. The order appealed from, however, specifically refers to such a motion and expressly denies petitioner's request for such relief. Although there are no motion papers in the record, transcripts of the proceedings reveal that petitioner made an oral motion with respondent present and that the court denied the motion on the merits. In our view, Family Court erred in denying the motion. Section 532 of the Family Court Act provides that "on motion of any party, [the court] shall order the mother, her child and the alleged father to submit to one or more blood grouping tests". We find no conflict between this requirement and the provision in section 531 of the Family Court Act that "the respondent shall not be compelled to testify" (*Matter of Carmen Gonzalez M. v Malcolm E.*, 114 Misc 2d 800). The court should have granted petitioner's request for the human leucocyte antigen (HLA) blood-grouping test.

Concerning petitioner's motion to compel respondent to answer interrogatories, we conclude that Family Court properly denied the motion. Section 531 provides respondent with a privilege concerning any testimony she might give at trial and, pursuant to CPLR 3101 (subd [b]), such privileged matter is not obtainable through disclosure over the party's objection (*Matter of Margaret B. v Gilbert W.*, 41 NY2d 971, revg on dissenting opn below 51 AD2d 456, 461).

Petitioner seeks hospital and medical records regarding the birth of the child. Unlike a respondent's answer to interrogatories, the hospital and medical records cannot be equated to respondent's testimony and, therefore, section 531 of the Family Court Act is not applicable. CPLR 4504 (subd [a]), however, creates a privilege for information acquired in a professional capacity which was necessary to enable a physician or nurse to act in that capacity. Despite this privilege, lower courts have established respondent's

right to examine pertinent information in medical records in paternity proceedings commenced by the mother (*Matter of Russo v Teall,* 95 Misc 2d 332) and in those commenced by a local commissioner of social services (*Matter of Commissioner of Social Servs. of City of N. Y. v Otilio O.,* 70 Misc 2d 581). In proceedings commenced by the mother, however, the petitioner can be deemed to have waived her privilege insofar as the medical records contain information pertinent to respondent's defense of the paternity claim (cf. *Hoenig v Westphal,* 52 NY2d 605, 610). Paternity proceedings commenced by the local commissioner of social services are quasi-criminal in nature, requiring limited disclosure of confidential material to protect respondent's rights (*Matter of D'Elia v Philip C.,* 57 AD2d 836). Here, however, petitioner merely seeks to have himself declared the father of respondent's child. Respondent has done nothing to waive the privilege, and disclosure is not necessary to protect petitioner's rights. The privilege, therefore, applies, but that does not end the inquiry, for the records may contain information pertinent to the paternity issue which is not covered by the privilege. Accordingly, Family Court must examine the records to determine what information, if any, is subject to disclosure.

Petitioner also seeks disclosure of the records pertaining to childbirth classes attended by respondent. Petitioner claims that these records are necessary to show that he attended those classes with respondent. In our view, these records are not material and necessary (CPLR 3101, subd [a]). The question of whether petitioner attended childbirth classes with respondent is a collateral issue, and petitioner can testify as to whether he accompanied respondent. Accordingly, his motion for discovery of those records was properly denied.

Next, petitioner seeks the child's baptismal certificate. As with the medical records, section 531 of the Family Court Act is inapplicable to the baptismal records. Such records are admissible in paternity proceedings (see *Matter of Puglisi v Pignato,* 26 AD2d 817), and we see no basis for denying disclosure.

Petitioner also raises a number of arguments relevant to the merits of the paternity proceeding. They are

premature since the trial has yet to be held. We note, however, Family Court's statement that petitioner is unlikely to succeed on the merits since the best interests of the child will not be served by declaring petitioner the father when the mother does not want him to be declared the father. By amending section 522 of the Family Court Act to authorize a person alleging to be the father to commence a paternity proceeding (L 1976, ch 665, § 6), the Legislature has plainly indicated its belief that the best interests of the child will, in fact, be advanced by establishing the alleged father's paternity, irrespective of the mother's wishes. Paternity proceedings pursuant to article 5 of the Family Court Act are the appropriate vehicle for an alleged father to establish his paternity even though the child is not in need of financial support (*Matter of Kordek v Wood,* 90 AD2d 209), and there is nothing in article 5 which conditions the alleged father's right to relief on the acquiescence of the mother.

The order should be modified, on the law, by reversing so much thereof as denied petitioner's motion for an order compelling an HLA blood-grouping test, for disclosure of medical records and for disclosure of the baptismal certificate; the motion for an order compelling an HLA blood-grouping test and for disclosure of the baptismal certificate should be granted, and the matter remitted to Family Court for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs.

MAHONEY, P. J., KANE, MAIN and MIKOLL, JJ., concur.

Order modified, on the law, by reversing so much thereof as denied petitioner's motion for an order compelling an HLA blood-grouping test, for disclosure of medical records and for disclosure of the baptismal certificate; motion for an order compelling an HLA blood-grouping test and for disclosure of the baptismal certificate granted, and matter remitted to Family Court for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs.