■ In the Matter of EARL COSTELLO, as Commissioner of the Washington County Department of Social Services, on Behalf of LUCRETIA I., Appellant, v TIMOTHY R., Respondent. — Mikoll, J. Appeal from an order of the Family Court of Washington County (Leary, J.), entered August 30, 1983, which (1) denied petitioner's request that a human leukocyte antigen test be given and (2) dismissed the paternity petition.

In a paternity proceeding brought against respondent seeking a declaration that he is the father of a female child born out of wedlock to Lucretia I. on April 12, 1981, a request was made by petitioner that a human leukocyte antigen test (HLA) be ordered pursuant to Family Court Act § 532 (a) at petitioner's expense. Family Court denied the application for the HLA test and dismissed the petition without a hearing, holding that petitioner had failed to show by some credible evidence that respondent may be the father of the child. Family Court determined that the mother's credibility had been destroyed by her declaration under oath (which she later repudiated) in which she claimed that another person was the putative father and that she had not had intercourse with anyone else during the possible period of conception.

There must be a reversal. Family Court Act § 532 (a) provides, in pertinent part, as follows:

"The court, [sic] shall advise the parties of their right to a blood test and, on motion of any party, shall order the mother, her child and the alleged father to submit to one or more blood grouping tests * * * to determine whether or not the alleged father can be excluded as being the father of the child". "In the absence of ameliorating or qualifying language or showing of another purpose, the word 'shall' is deemed to be mandatory" (*Matter of Mulligan v Murphy*, 19 AD2d 218, 223, *revd on other grounds* 14 NY2d 223; *see also, People v Ricken*, 29 AD2d 192, *affd* 27 NY2d 923). In view of the unequivocal language of the statute, and finding no reason to avoid such a construction, we interpret the word "shall" in Family Court Act § 532 (a) as being mandatory (*see, Matter of Kimiecik v Daryl E.*, 87 AD2d 284).

We find no merit as well in respondent's contention that petitioner should be required to establish a prima facie case against respondent before being entitled to an order for a blood test. Petitioner has submitted a sworn statement in which the mother claims she had intercourse with respondent once during the possible period of conception. Under such circumstances, Family Court is required to order a blood test. While the mother's credibility will be a crucial issue in the paternity proceeding, Family Court's resolution of the issue at this preliminary

juncture in the proceedings is premature, unwise and inappropriate. Implicated in the paternity proceeding is the welfare of a child, the not inconsequential question of the possible imposition of a financial burden on the public and general considerations of justice. Such issues are best disposed of within the framework of a fact-finding hearing rather than summarily on motion (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.16 [1984]).

Order reversed, on the law, without costs, petition reinstated and matter remitted to the Family Court of Washington County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.