■ In the Matter of WALTER P., Appellant, v MELISSA O., Respondent. [674 NYS2d 849] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered September 5, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate him as the father of a child born to respondent.

While incarcerated at a State correctional facility, petitioner filed a petition seeking an adjudication that he was the father of a child born to respondent on November 1, 1995. In support of his application, petitioner alleged that he and respondent were living together and were involved in a sexual relationship during the period of conception. Petitioner requested a hearing "and/or" a blood test to establish paternity. A paternity hearing ensued, at which petitioner was not present due to his imprisonment but was represented by assigned counsel. Based upon the petition and respondent's admission of the allegations contained therein, Family Court found that paternity had been established.

Before the order of filiation was signed, however, petitioner submitted a "motion for re-argument" wherein he asserted that

his constitutional rights had been violated because, *inter alia,* he had not been afforded an opportunity to appear in person or to examine respondent with respect to the possibility that another man might be the child's father. In support of his motion, he averred that he had informed his assigned attorney, just prior to the hearing, that he had recently learned that respondent may have had an affair during the possible period of conception, and that he wanted to question her on that issue and seek a blood test if he was not satisfied with her responses. The attorney purportedly suggested that petitioner's only recourse, if he had doubts about his paternity, was to withdraw the petition, prompting petitioner to ask that counsel withdraw as his attorney. Although the attorney assertedly told petitioner that he would be taken to the courtroom where he could request that counsel be dismissed, this never occurred. Had he been permitted to attend the hearing, petitioner argues, he would have asked that he be allowed to proceed *pro se* and that blood tests be ordered. Without addressing petitioner's new arguments, Family Court signed an order of filiation, from which petitioner now appeals.

Petitioner's contentions have merit. Upon the motion of any party to a paternity proceeding, Family Court must order that genetic tests be performed (*see,* Family Ct Act § 532 [a]; *see also, Matter of Costello v Timothy R.,* 109 AD2d 933; *Matter of Leromain v Venduro,* 95 AD2d 80, 81). Given the unrebutted factual averments contained in petitioner's motion papers, however, it is apparent that he was unfairly deprived of any opportunity to make such a request before the conclusion of the hearing. His attorney failed to inform Family Court of petitioner's doubts about his paternity or his concomitant desire for an opportunity to ascertain conclusively, by scientific testing, whether he is genetically related to the child; nor was the court made aware that petitioner had asked that he be allowed to represent himself due to his conflicts with assigned counsel. It matters not whether petitioner had a statutory or constitutional right to counsel in this proceeding (*see,* Family Ct Act § 262), for he should not have been constrained to accept such representation if—as he contends—he knowingly and voluntarily sought to waive any right he may have had in this regard, or decline the services offered, and proceed on his own behalf (*see,* CPLR 321 [a]; *Matter of Mulligan v Mulligan,* 175 AD2d 335, 336; *Matter of Silvestris v Silvestris,* 24 AD2d 247, 248-249).

Given the entirety of the relevant circumstances—including the less than compelling evidence produced at the hearing

(significantly, respondent was not questioned with respect to whether she may have engaged in sexual relations with anyone other than petitioner at or around the time of conception), the alacrity with which petitioner sought a rehearing (*compare*, *Matter of Erie County Dept. of Social Servs. [Cebelle J.] v Vaughn W.*, 197 AD2d 924, 925), the seriousness of the determination at issue (*see, Matter of Costello v Timothy R.*, *supra*, at 934) and the basis for petitioner's motion (*cf., Matter of Jane PP. v Paul QQ.*, 65 NY2d 994, 996)—the most prudent course of action would have been to grant that motion, at least insofar as it sought scientific testing (*cf., Matter of Leanna M. v Douglas J.*, 35 AD2d 551, 551-552).

White, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.