838

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■ In the Matter of Dwayne J.B., Appellant, v Santos H., Respondent. [932 NYS2d 378]—

The petitioner filed a paternity petition seeking to be declared the father of the subject child, and moved to compel a DNA test. In response to the petition, the mother produced an acknowledgment of paternity signed by her and another man. Based upon the acknowledgment of paternity, the Family Court summarily dismissed the petition on the ground that the petitioner lacked standing to challenge the acknowledgment of paternity since he was not a signatory of that document.

Contrary to the Family Court's determination, a prior acknowledgment of paternity made in accordance with Family Court Act § 516-a does not serve as an insuperable bar to a claim of paternity by one who is a stranger to the acknowledgment (see Matter of James T. H. v Danielle M. K-R., 48 AD3d 683 [2008]; Matter of Tyrone G. v Fifi N., 189 AD2d 8, 14 [1993]; cf. Family Ct Act § 522; Matter of Cathleen P. v Gary P., 63 NY2d 805 [1984]; Matter of Costello v Timothy R., 109 AD2d 933 [1985]). Thus, it was error for the Family Court to dismiss the petition summarily for lack of standing. Accordingly, we reinstate the petition and remit the matter to the Family Court, Nassau County, for further proceedings on the petition. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.