■ In the Matter of MARQUIS B., Appellant, v RASON B. et al., Respondents. [941 NYS2d 857]—In a proceeding pursuant to Family Court Act article 5, inter alia, to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated September 7, 2010, which denied his objections to so much of an order of the same court (Bannon, S.M.), dated June 11, 2010, as denied that branch of his petition which was to vacate the acknowledgment of paternity.

Ordered that the order dated September 7, 2010, is affirmed, without costs or disbursements.

The petitioner was not a signatory to the acknowledgment of paternity by the respondent Rason B. and, therefore, lacked standing to challenge it (*see* Family Ct Act § 516-a [b] [ii]). Since the petitioner claimed to be the father, he had standing pursuant to Family Court Act § 522 to challenge the ultimate issue of the child's paternity (*see Matter of Dwayne J.B. v Santos H.*, 89 AD3d 838 [2011]). However, the petitioner's claims pursuant to Family Court Act § 522 were raised in a separate paternity proceeding which is not before this Court at this juncture.

The petitioner's remaining contentions either are without merit or need not be addressed in light of our determination. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.