Rose, J.
Appeals (1) from an order of the Supreme Court (Cahill, J.), entered December 14, 2012 in Sullivan County, which granted defendant’s motion for an order directing plaintiff to pay child support arrears and counsel fees, and (2) from an order of said court, entered January 31, 2013 in Sullivan County, which denied plaintiffs motion for, among other things, an order staying the enforcement of a stipulation of settlement of divorce.
The parties entered into an oral stipulation of settlement in December 1999 requiring, as relevant here, that plaintiff (hereinafter the husband) pay defendant (hereinafter the wife) child support for their three minor children. The parties’ stipulation was then incorporated by reference, but not merged, into a February 2000 judgment of divorce. In 2011, the husband moved to vacate the divorce stipulation on the ground that it failed to comply with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]). After his motion was denied and we affirmed (97 AD3d 956 [2012]), the wife moved for an order directing the husband to pay the arrears due. In response, the husband again argued, among other things, that the stipulation should be vacated. He also moved by order to show cause to set aside the stipulation as being in violation of the Child Support Standards Act. In a December 2012 order, Supreme Court found that the husband had no viable defense to the wife’s motion for arrears, awarded counsel fees pursuant to Domestic Relations Law § 236, and directed her to submit a judgment for the arrears and counsel fees. In a separate January 2013 order, the court denied the husband’s application to vacate the stipulation as barred by res judicata. The husband appeals from both orders.*
Supreme Court did not err by granting the wife’s motion for arrears without a hearing. The wife moved pursuant to Domestic Relations Law § 244, and no hearing was required because the husband did not submit any evidentiary proof either disputing the amount he failed to pay, supporting his claim that the parties’ eldest daughter was emancipated or contesting the *1130 amount of counsel fees requested (see Cheruvu v Cheruvu, 61 AD3d 1171, 1172-1173 [2009]; Snyder v Wilson, 228 AD2d 819, 819 [1996]; Paul v Paul, 200 AD2d 820, 820-821 [1994], lv dismissed 83 NY2d 953 [1994]).
We also agree with Supreme Court that res judicata bars the husband’s challenge to the validity of the stipulation (see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). The husband had a full and fair opportunity to challenge the stipulation as part of his previous, unsuccessful motion and cannot now attack its validity based on defects raised either in his prior motion or for the first time in his order to show cause (see Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1162-1163 [2012]; Kinsman v Turetsky, 21 AD3d 1246, 1246 [2005], lv denied 6 NY3d 702 [2005]; Matter of Carella v Collins, 272 AD2d 645, 647 [2000]).
Stein, J.E, McCarthy and Egan Jr., JJ., concur.
Ordered that the orders are affirmed, without costs.

 We will exercise our discretion to treat the notice of appeal from the December 2012 order as having been taken from the subsequently entered judgment, which does not materially differ from the order (see CPLR 5520 [c]; Harrington v Harrington, 300 AD2d 861, 862 [2002]).