■ In the Matter of THOMAS T., Appellant. LUBA R., Respondent. [994 NYS2d 156]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Queens County (O'Donoghue, J.), dated October 8, 2013, which, without a hearing, in effect, dismissed his petition seeking to be declared the father of the subject child.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The subject child was born to the mother on July 11, 2007. The mother was unmarried at the time. On February 17, 2009, the mother married nonparty Gaston R. In or around September 2011, the petitioner filed the instant petition seeking to be declared the father of the subject child. An existing acknowledgment of paternity dated February 20, 2009, named Gaston R., not the petitioner, as the father of the subject child. The mother and Gaston R. do not dispute that the petitioner is the biological father of the subject child. The Family Court dismissed the paternity petition without a hearing on the basis that the petitioner could not establish fraud as required by Family Court Act § 516-a to vacate an acknowledgment of paternity. We reverse.

The Family Court erred in treating the petition as one to vacate the acknowledgment of paternity. The petition sought to declare the petitioner the father of the child (*see* Family Ct Act § 524). A prior acknowledgment of paternity made in accordance with Family Court Act § 516-a does not serve as an insuperable bar to a claim of paternity by one who is a stranger to the acknowledgment (*see Matter of Dwayne J.B. v Santos H.,* 89 AD3d 838, 838 [2011]; *Matter of Tyrone G. v Fifi N.,* 189 AD2d 8, 14-15 [1993]).

The mother's contention with respect to the doctrine of equi-

table estoppel is not properly before this Court (*see Matter of Tyrone G. v Fifi N.*, 189 AD2d at 15).

Accordingly, we reinstate the petition and remit the matter to the Family Court, Queens County, for further proceedings on the petition. In addition, Gaston R. should be joined in the proceeding as a respondent. In view of the existing acknowledgment of paternity declaring him to be the child's father, he is a necessary party and must be joined so that all persons whose interests are affected will be before the court (*see* CPLR 1001 [a]; *Matter of Tyrone G. v Fifi N.*, 189 AD2d at 15). Rivera, J.P., Hall, Miller and Duffy, JJ., concur.