■ In the Matter of ANTONY S.N.T., Appellant, v ROSEMARIE B.T., Also Known as ROSEMARIE L.F., et al., Respondents. [999 NYS2d 94]—

Appeal from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered January 16, 2014. The order, without a hearing, dismissed the appellant's petition pursuant to Family Court Act article 5.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 5, seeking to vacate an acknowledgment of paternity to which he was not a signatory, and to be declared the father of the subject child. The Family Court dismissed the petition on the ground that the petitioner lacked standing to challenge the acknowledgment of paternity (*see* Family Ct Act § 516-a) or, given his acknowledgment that he is not the biological father, to bring a proceeding to establish his own paternity (*see* Family Ct Act § 522).

The Family Court correctly held that the petitioner, who was

a non-signatory to the acknowledgment of paternity, lacked standing under Family Court Act § 516-a to bring a proceeding to have it vacated (*see Matter of Marquis B. v Rason B.*, 94 AD3d 883, 883 [2012]). Even so, the existence of an acknowledgment of paternity is not an insuperable bar to a paternity proceeding commenced by a stranger to the acknowledgment (*see Matter of Thomas T. [Luba R.]*, 121 AD3d 800 [2014]; *Matter of Marquis B. v Rason B.*, 94 AD3d at 883; *Matter of Dwayne J.B. v Santos H.*, 89 AD3d 838, 838 [2011]). Under Family Court Act § 522, a proceeding to establish the paternity of a child may be commenced, as relevant here, "by a person alleging to be the father, whether a minor or not, by the child or child's guardian or other person standing in a parental relation or being the next of kin of the child, or by any authorized representative of an incorporated society doing charitable or philanthropic work" (Family Ct Act § 522). The petitioner, however, acknowledged in his petition that he is not the biological father of the child and that the man who signed the acknowledgment of paternity is the biological father. Accordingly, insofar as the petition sought to have the petitioner declared the father under Family Court Act article 5, it could not be sustained and should have been dismissed on that basis (*see* Family Ct Act §§ 523, 541; *Matter of Pavel C. v Alinda A.*, 210 AD2d 477, 478 [1994]). Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.