*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521019
_____

In the Matter of PATRICK M.
    SEVERING,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DENISE M. SEVERING,
                        Appellant.
_____


Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____


        Orseck Law Offices, PLLC, Liberty (Gerald Orseck of
counsel), for appellant.

        Timothy P. Burke, Monticello, for respondent.

_____


Rose, J.

        Appeal from an order of the Family Court of Sullivan County
(Meddaugh, J.), entered July 31, 2014, which, in a proceeding
pursuant to Family Ct Act article 4, among other things, denied
respondent's motion to renew.

        The parties have sought relief in overlapping proceedings
in both Supreme Court and Family Court regarding the obligation
of petitioner (hereinafter the father) to pay child support to
respondent (hereinafter the mother) under the terms of a
stipulation that was incorporated, but not merged, into a

February 2000 divorce judgment.[1]  As relevant to this appeal, the father filed a petition in Family Court in September 2011 to reduce his child support payments because his income had purportedly declined.  While the Family Court proceeding was pending, the mother moved in Supreme Court to enforce the father's stipulated child support obligation.  Neither party, however, sought to consolidate the pending Family Court petition with the Supreme Court action.  In December 2012, Supreme Court (Cahill, J.), among other things, dismissed the father's legal challenges to the stipulation and granted the mother's request for a judgment for child support arrears to that date.  The father appealed.

While that appeal was pending, the Support Magistrate dismissed the father's petition in Family Court as barred by the doctrine of res judicata, noting that the father could have sought a downward modification in Supreme Court.  The father then filed objections and, in February 2014, Family Court (Meddaugh, J.), among other things, reversed so much of the Support Magistrate's order as had dismissed the father's modification petition on res judicata grounds.  Family Court also granted the father permission to amend his reinstated petition to include allegations regarding further reductions to his income occurring after Supreme Court's December 2012 order.  No appeal was taken.

When we subsequently affirmed Supreme Court's December 2012 order (Severing v Severing, 117 AD3d 1129 [2014]), the mother moved in Family Court for reconsideration of its February 2014 order.  She claimed that our decision affirming Supreme Court, as well as the parties' arguments in that appeal, provided a ground for Family Court to dismiss the father's petition.  Family Court treated the motion as one for renewal and denied it.  The mother now appeals.[2]

---

[1]  We have twice before reviewed orders of Supreme Court in the divorce action (Severing v Severing, 117 AD3d 1129 [2014]; Severing v Severing, 97 AD3d 956 [2012]).

[2]  Contrary to the father's contention, the mother provided proof that the notice of appeal was properly served upon the

        We affirm.  "As relevant here, a motion to renew must 'be based upon new facts not offered on the prior motion that would change the prior determination'" (Hyman v Schwartz, 127 AD3d 1281, 1285 [2015], quoting CPLR 2221 [e] [2]).  In our decision affirming Supreme Court's December 2012 order awarding child support arrears to that date, we made no reference or ruling regarding the issue of downward modification, notwithstanding that the parties mentioned in their briefs that the issue was pending separately in Family Court.  Under these circumstances, we must agree with Family Court that neither our decision nor the parties' arguments on appeal constituted new facts that would warrant granting a motion to renew.

        Peters, P.J., McCarthy and Lynch, JJ., concur.


        ORDERED that the order is affirmed, without costs.




                        ENTER:

                        _Robert D Mayberger_

                        Robert D. Mayberger
                        Clerk of the Court

---

father, and the alleged error in filing the notice of appeal does not require that the appeal be dismissed (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222 n [2013]).  Further, the record was correctly certified (see CPLR 2105; 22 NYCRR 800.7 [a] [1]).