## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 2, 2016                    520274
_____

In the Matter of STEPHEN N.,
                    Appellant,

         v                              MEMORANDUM AND ORDER

AMANDA O. et al.,
                    Respondents.
_____

Calendar Date:  May 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


         Stephen N., Malone, appellant pro se.


                    _____


Lynch, J.

         Appeal from an order of the Family Court of Albany County
(Kushner, J.), entered November 26, 2014, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 5, to adjudicate petitioner as the father of a child
born to respondent Amanda O.

         In 2003, while respondent Amanda O. (hereinafter the
mother) was in a relationship with respondent William P., she
engaged in sexual intercourse with petitioner.  In late 2003, the
mother gave birth to a daughter and William P. signed an
acknowledgment of paternity, thus establishing the paternity and
liability for support of the child (see Family Ct Act § 516-a).
Nearly three years later, petitioner and the mother met again
and, upon seeing the child, petitioner believed that there was a
resemblance between them.  A subsequent DNA test revealed that he
was the child's biological father.  In August 2008, petitioner
filed a petition for paternity.  Family Court (Duggan, J.)
dismissed the petition, finding that petitioner did not have

grounds to challenge an acknowledgment of paternity pursuant to Family Ct Act § 516-a.  In October 2014, petitioner filed a second paternity petition.  The Support Magistrate dismissed the petition based on res judicata, and Family Court (Kushner, J.) denied petitioner's objections, finding that the doctrine of res judicata applied because "none of the facts as determined by [Family Court] in 2008 [had] changed."  Petitioner now appeals.

A petitioner who did not sign an acknowledgment of paternity does not have standing to challenge paternity pursuant to Family Ct Act § 516-a (see Matter of Marquis B. v Rason B., 94 AD3d 883, 883 [2012], lv dismissed 19 NY3d 991 [2012]).  Where, as here, a petitioner claims to be the father, however, he will have standing to challenge paternity pursuant to Family Ct Act § 522 (see id.; Matter of Dwayne J.B. v Santos H., 89 AD3d 838, 838 [2011]).  The doctrine of equitable estoppel is an available defense in a paternity proceeding pursuant to Family Ct Act § 522 (see Matter of Edward WW. v Diana XX., 79 AD3d 1181, 1182 [2010]; Matter of Kristen D. v Stephen D., 280 AD2d 717, 719 [2001]).  Accordingly, "[e]stoppel may preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (Matter of Shondel J. v Mark D., 7 NY3d 320, 327 [2006]).  "A motion asserting equitable estoppel may be granted on the papers, without a hearing, if Family Court possesses sufficient information to render an informed decision consistent with the child's best interests" (Matter of Edward WW. v Diana XX., 79 AD3d at 1182 [internal quotation marks, brackets and citations omitted]).

Here, the record confirms that, in 2008, Family Court considered the issue presented to be whether petitioner had grounds to challenge William P.'s acknowledgment of paternity pursuant to Family Ct Act § 516-a and found that petitioner did not have the "right to challenge the validity of the acknowledgment as he was not a signator."  While the court did outline the allegations set forth in the affidavits submitted by petitioner and William P., it determined that it would not "address the issue of 'equitable estoppel' as [it] cannot be reached . . . by [petitioner], a person who is not a parent or a signator to the acknowledgment of paternity."

Generally, the doctrine of res judicata "'gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein'" (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008], quoting Matter of Shea, 309 NY 605, 616 [1956]).  The doctrine does not preclude a claim unless there has been a "valid final judgment deciding [its] merits" (Landau, P.C. v LaRossa, Mitchell & Ross 11 NY3d at 13).  Here, the 2008 determination that petitioner lacked standing did not bar the instant proceeding because it did not decide the merits of petitioner's paternity claim (see id. at 13-14; Ricatto v Mapliedi, 133 AD3d 737, 739 [2015]; Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031 [2014], lv denied 25 NY3d 911 [2015]; Jackson v Jamaica Hosp. Med. Ctr., 61 AD3d 1166, 1167-1168 [2009]).  Accordingly, Family Court should not have dismissed petitioner's 2014 petition on the ground that res judicata applied.

Lahtinen, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the order is reversed, on the law, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court