■ JANNIE BUTLER, as Administratrix of the Estate of ARTHUR LEE THOMAS, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [45 NYS3d 184]—

Appeal from stated portions of an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated December 22, 2014. The order, inter alia, denied the defendants' motion, which sought, among other things, a determination that they had standing to challenge the decedent's paternity of a certain child in a wrongful death action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2012, Arthur Lee Thomas (hereinafter the decedent) died intestate while incarcerated at a Suffolk County correctional facility. The decedent was survived by his mother, Jannie Butler, and a minor child born out of wedlock (hereinaf-

ter the child). In August 2012, the Surrogate's Court issued letters of limited administration to Butler. In November 2012, Butler, in her capacity as administrator of the decedent's estate, commenced this action in the Supreme Court against the County of Suffolk, its Sheriff's Office, and its Department of Health Services, seeking damages for the decedent's wrongful death. Shortly thereafter, the child's mother, Kristen Leonardo, filed a petition in the Surrogate's Court seeking to revoke the letters of administration issued to Butler and to have letters of administration issued to her. Butler opposed Leonardo's petition and filed a petition in the Family Court seeking to vacate an acknowledgment of paternity the decedent had signed indicating that he was the child's father.

In May 2013, Leonardo and Butler entered into a stipulation of settlement in which they agreed to be co-administrators of the decedent's estate. Based upon their stipulation, the Surrogate's Court appointed Butler and Leonardo co-administrators of the decedent's estate.

In an order dated July 16, 2014, the Supreme Court denied that branch of Leonardo's motion which was to amend the caption in this action to add her as a co-administrator of the decedent's estate, with leave to renew pending the results of genetic marker testing confirming that the child is the decedent's biological son. The court expressed its view that the child's paternity was a central unresolved issue due to Butler's challenge to the acknowledgment of paternity and directed the parties to appear for a hearing. During the proceedings held on August 5, 2014, the court determined, over the defendants' objections, that the defendants lacked standing to contest the child's paternity and, therefore, could not participate in the hearing.

The defendants then moved, inter alia, to "[v]acate[ ] all Court Orders of August 5, 2014," for a determination that they had standing to challenge the child's paternity and the acknowledgment of paternity signed by the decedent in particular, and to direct genetic marker testing of the child. On September 15, 2014, as the hearing directed by the Supreme Court was about to commence, Butler's counsel advised the court that Butler was withdrawing her challenge to the child's paternity and no longer sought to vacate the acknowledgment of paternity. In an order dated December 22, 2014, based upon Butler's change in position, the court amended the caption to add Leonardo as co-administrator of the decedent's estate. In addition, the court denied the defendants' motion, inter alia, for a determination that they had standing to challenge the

acknowledgment of paternity and to direct genetic marker testing of the child. The defendants appeal.

Contrary to the defendants' contention, the Supreme Court acted within its authority when it, sua sponte, reconsidered so much of its own nonfinal order dated July 16, 2014, as related to genetic marker testing of the child (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]; *Matter of Shawn H. v Kimberly F.*, 115 AD3d 744, 745 [2014]; *Matter of Budihas v Board of Educ. of City of N.Y.*, 285 AD2d 549 [2001]). Further, the court properly determined that the defendants, who were nonsignatories to the acknowledgment of paternity, lacked standing to have it vacated (*see* Family Ct Act § 516-a [b] [v]; *Matter of Marquis B. v Rason B.*, 94 AD3d 883, 883 [2012]), as they do not fall within any of the classes of parties authorized to commence a paternity proceeding (*see* Family Ct Act § 522).

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for a determination that they had standing to challenge the acknowledgment of paternity and to direct genetic marker testing of the child.

The defendants' remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.