Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 26, 2015. The order, inter alia, adjudicated the petitioner, Marshall P., to be the father of the subject child.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In February 2010, shortly after the birth of the subject child, Tyrone M.H. (hereinafter the appellant) and the mother of the child executed an acknowledgment of paternity naming the appellant as the father of the child. Thereafter, Marshall P. (hereinafter the petitioner) filed a petition seeking to be declared the father of the child, and moved to vacate the acknowledgment of paternity. The petitioner asserted that the mother had advised him that he was the father of the child, that he had taken care of the child since her birth, and that the appellant had no relationship with the child. In an order dated February 26, 2015, made after a hearing, the Family Court, inter alia, granted the motion to vacate the acknowledgment and adjudicated the petitioner to be the father of the child.
 

 Here, while the petitioner, who did not sign the acknowledgment of paternity, lacked standing under Family Court Act § 516-a to challenge the acknowledgment, “the existence of an acknowledgment of paternity is not an insuperable bar to a paternity proceeding commenced by a stranger to the acknowledgment” (Matter of Antony S.N.T. v Rosemarie B.T., 123 AD3d 835, 836 [2014]; see Matter of Jose M. v Shaniqua F., 124 AD3d 892, 893 [2015]; Matter of Marquis B. v Rason B., 94 AD3d 883 [2012]). Further, the Family Court appropriately applied the doctrine of equitable estoppel in adjudicating the petitioner to be the father of the child, as the record established that the mother permitted the petitioner to hold himself out as the child’s father, that the petitioner had supported the child for most of the child’s life, and that the petitioner exclusively took care of the child during a period when the mother was incarcerated (see Matter of Seth R v Margaret D., 90 AD3d 1053 [2011]; Matter of Antonio H. v Angelic W., 51 AD3d 1022 [2008]).
 

 The appellant’s remaining contentions either are without merit or need not be reached in light of our determination.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.