Matter of Mead v Swift (2020 NY Slip Op 05099)





Matter of Mead v Swift


2020 NY Slip Op 05099


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

528713

[*1]In the Matter of Laura Mead, Petitioner,
v
Stephen Swift, Appellant. (And Another Related Proceeding.)

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Stephen Swift, Middleburgh, appellant pro se.



Colangelo, J.
Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered August 2, 2018, which, in a proceeding pursuant to Family Ct Act article 4, among other things, denied respondent's objections to orders of a Support Magistrate.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 1999 and 2005). Following the parties' separation, the mother commenced the first of these proceedings seeking support for herself and the children, and the father commenced an action for divorce in Supreme Court. After a fact-finding hearing on the mother's petition, the Support Magistrate made specific findings as to the father's employment capacity and earning ability and imputed income accordingly. Based upon the father's financial disclosure form, the Support Magistrate further determined that the father received annual rental income and established a sum representing those earnings. In May 2017, the Support Magistrate issued an order imposing spousal and child support obligations upon the father based upon the combined amount of the father's adjusted gross income and net rental income. The father filed objections to this order, contesting the amount of imputed income. Family Court partially granted the objections, finding that the Support Magistrate had properly imputed income to the father, but disagreeing as to the amount. The court remanded the matter to the Support Magistrate for the limited purpose of hearing additional evidence regarding the amount of income that should be imputed. A hearing on the remand was scheduled for January 2018. In the interim, in November 2017, the father filed a petition seeking to modify the May 2017 order.
In December 2017, Supreme Court determined the parties' income in the context of the matrimonial action, finding the father's adjusted gross income to be higher than the sum that had been previously determined by the Support Magistrate. Thereafter, the Support Magistrate declined to hold a hearing on the remand, concluding that it was bound by Supreme Court's findings, and issued an order of support utilizing the figure as established by Supreme Court. The Support Magistrate further issued a separate order dismissing the father's November 2017 modification petition, concluding that it lacked jurisdiction to modify the nonfinal May 2017 order. The father thereafter filed objections to both orders. As relevant here, Family Court found that the Support Magistrate properly concluded that it was bound by the findings in the matrimonial action and that the Support Magistrate properly dismissed the father's modification petition. The father appeals.
The doctrine of res judicata "gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein" (Matter of Stephen N. v Amanda O., 140 AD3d 1223, 1224-1225 [2016] [internal quotation marks and citations omitted]). Here, Family Court properly found the doctrine of res judicata applicable. Supreme Court necessarily addressed and determined both the father's income and the rental income within the matrimonial action, and a valid judgment on the merits was rendered therein (see Matter of Starla D. v Jeremy E., 121 AD3d 1221, 1223 [2014], lv denied 24 NY3d 914 [2015]; Severing v Severing, 117 AD3d 1129, 1130 [2014]; compare Matter of Stephen N. v Amanda O., 140 AD3d at 1225; Kedik v Kedik, 86 AD3d 766, 767 [2011]). The father contends that Supreme Court improperly calculated his rental income based solely upon gross receipts and that the court should have taken into account the expenses of operating the rental properties, which substantially reduced his net rental income (see generally DeSouza v DeSouza, 163 AD3d 1185, 1187 [2018]; Matter of Bow v Bow, 117 AD3d 1542, 1544 [2014]). Nevertheless, any such error is not properly before us on this appeal. As noted by Family Court, the proper avenue for the father to contest the determination of his income would have been a challenge in Supreme Court or an appeal from the judgment in the matrimonial action.
The father next contends that Family Court erred in not allowing him to petition for a downward modification of the Support Magistrate's May 2017 order, an order that he concedes was nonfinal. "[O]bjections from nonfinal orders made by a Support Magistrate are typically not reviewed unless they could lead to irreparable harm" (Matter of Fisher v Fritzsch, 35 AD3d 1146, 1147 [2006], lv denied 8 NY3d 810 [2007]; see Matter of Tobing v May, 168 AD3d 861, 862 [2019]). The order of the Support Magistrate imposing a weekly child support obligation did not lead to irreparable harm, as such order may be the subject of a subsequent modification proceeding brought by the father.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.