Matter of Ryan M. E. v Shelby S. (2021 NY Slip Op 00717)





Matter of Ryan M. E. v Shelby S.


2021 NY Slip Op 00717


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


804 CAF 19-00242

[*1]IN THE MATTER OF RYAN M. E., PETITIONER-RESPONDENT,
v
SHELBY S. AND RYAN S., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT SHELBY S. 
RAYMOND P. KOT, II, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT RYAN S.
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD.


 Appeals from an order of the Family Court, Allegany County (Moses M. Howden, A.J.), entered January 2, 2019. The order adjudged that petitioner is the father of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting petitioner's motion in its entirety and vacating the acknowledgment of paternity executed by respondents with respect to the subject child and, as modified, the order is affirmed without costs.
Memorandum: Respondent Shelby S. is the mother of the subject child, who was born out of wedlock. The mother's boyfriend, respondent Ryan S., executed an acknowledgment of paternity (AOP) with respect to the subject child shortly after her birth. The mother countersigned the AOP, certifying that the boyfriend was the "only possible father" of the subject child. As the mother later effectively conceded under oath, however, that certification was false because she had engaged in unprotected sexual intercourse with both her boyfriend and petitioner during the conception window.
Within weeks of the child's birth, petitioner commenced this proceeding pursuant to Family Court Act § 522 and sought a declaration of paternity naming him as the child's father. Petitioner then moved for genetic testing and to vacate the AOP. The mother opposed petitioner's motion and sought, in effect, to dismiss the petition. After a hearing, Family Court refused to dismiss the petition, granted petitioner's motion insofar as it sought genetic testing, and deferred that part of petitioner's motion seeking to vacate the AOP pending the outcome of the testing.
The genetic testing revealed that, to a 99.99% degree of certainty, petitioner is the subject child's biological father. No objections were filed to the authenticity or accuracy of the test results. The court therefore granted the petition and declared petitioner as the father of the subject child (see Family Court Act
§§ 532 [a]; 542 [a]). The court denied petitioner's motion insofar as it sought to vacate the AOP, however, reasoning that it lacked the power to grant such relief. Respondents now separately appeal.
Initially, we reject respondents' contention that petitioner lacked standing to commence this proceeding because the AOP conclusively established the boyfriend as the subject child's father. It is well established that "the existence of a valid acknowledgment of paternity does not bar a claim of paternity by one who is not a party to it" (Matter of Ezequiel L.-V. v Inez M., 161 AD3d 689, 690 [1st Dept 2018] [emphasis added]; see Matter of Stephen N. v Amanda [*2]O., 140 AD3d 1223, 1224 [3d Dept 2016]; Matter of Thomas T. v Luba R., 121 AD3d 800, 800 [2d Dept 2014]). Indeed, any man "alleging to be the father" may commence a paternity proceeding under Family Court Act § 522 (Matter of Cathleen P. v Gary P., 63 NY2d 805, 807 [1984]). Thus, as a man alleging to be the subject child's father, petitioner had standing to commence this proceeding pursuant to section 522 (see id.; Stephen N., 140 AD3d at 1224; Matter of Tyrone G. v Fifi N., 189 AD2d 8, 13-14 [1st Dept 1993]). Contrary to respondents' assertions, the standing limitations applicable to a proceeding under section 516-a have no bearing on a person's standing to commence a proceeding under section 522 (see Stephen N., 140 AD3d at 1224; Matter of Marquis B. v Rason B., 94 AD3d 883, 883 [2d Dept 2012], lv dismissed 19 NY3d 991 [2012]).
Respondents further contend that the court erred in granting petitioner's motion for genetic testing without first affirmatively finding that such testing would best serve the child's interests. The law does not require such an affirmative finding as a precondition to ordering genetic testing, however. Insofar as relevant here, Family Court Act § 532 (a) provides that, upon "the motion of any party, [the court] shall order the mother, her child and the alleged father to submit to [genetic] tests . . . No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy" (emphasis added). As the Court of Appeals explained in construing identical language in section 418 (a), the legislature made genetic testing in paternity cases "mandatory," subject to a single "limited" exception that applies only when one of three threshold barriers—res judicata, equitable estoppel, or the presumption of legitimacy—are present and where genetic testing would not serve the best interests of the child (Matter of Shondel J. v Mark D., 7 NY3d 320, 329 [2006]). Thus, a court has no power to deny an otherwise proper demand for genetic testing on the ground that testing would not serve the child's best interests due to factors other than res judicata, equitable estoppel, or the presumption of legitimacy (see Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d 1067, 1069 [2d Dept 2017]; Matter of Costello v Timothy R., 109 AD2d 933, 933 [3d Dept 1985]; Matter of Leromain v Venduro, 95 AD2d 80, 83 [3d Dept 1983]). Indeed, in the absence of res judicata, equitable estoppel, or the presumption of legitimacy, "the Legislature has plainly indicated its belief that the best interests of the child will, in fact, be advanced by establishing the alleged father's paternity, irrespective of the mother's wishes" (Leromain, 95 AD2d at 83). The legislative policy identified in Leromain explains why section 532 (a) requires factual findings concerning the child's best interests when a court denies a motion for genetic testing, but not when a court grants such a motion (see generally Shondel J., 7 NY3d at 329).
Respondents do not contend that either res judicata or the presumption of legitimacy applies in this case, and the mother does not contend that equitable estoppel applies. The boyfriend's current assertion of equitable estoppel is improperly raised for the first time on appeal (see Matter of Beth R. v Ronald S., 149 AD3d 1216, 1218 [3d Dept 2017]; see also People v Bailey, 32 NY3d 70, 79 [2018]). In any event, given petitioner's commencement of this proceeding within weeks of the child's birth, equitable estoppel is clearly inapplicable in this case (see Matter of Luis V. v Laisha P.T., 184 AD3d 648, 649 [2d Dept 2020]; Matter of Michael S. v Sultana R., 163 AD3d 464, 476 [1st Dept 2018], lv dismissed 35 NY3d 964 [2020]). Thus, because none of the three threshold barriers existed in this case, the court was required to grant petitioner's motion for genetic testing (see Costello, 109 AD2d at 933; Leromain, 95 AD2d at 83), and the court cannot be faulted for failing to make factual findings about the child's overall best interests that could not, as a matter of law, have altered its statutory duty to order testing.
Finally, given the continued existence of the AOP, we acknowledge respondents' concern that the order of filiation might have effectively created an impermissible three-parent arrangement for the subject child (see generally Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 18 n 3 [2016]; Matter of Tomeka N.H. v Jesus R., 183 AD3d 106, 111 [4th Dept 2020]). The court, however, had the power to vacate the AOP to address that concern (see Michael S., 163 AD3d at 474; Matter of Marshall P. v Latifah H., 154 AD3d 709, 710 [2d Dept 2017]), and we conclude that the AOP should be vacated in order to eliminate any question that petitioner is the child's only legal father. We therefore modify the order by granting petitioner's motion in its entirety and vacating the AOP. Respondents' remaining contentions do not require reversal or further modification of the order.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court