Matter of Escobar v Pagan (2022 NY Slip Op 04912)

Matter of Escobar v Pagan

2022 NY Slip Op 04912

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2021-00398 
2022-01693
2022-01694
 (Docket Nos. V-238-19, P-10345-19)

[*1]In the Matter of John P. Escobar, appellant,
v
Milagros Pagan, respondent. (Proceeding No. 1)
In the Matter of Michael M. (Anonymous), petitioner-respondent,
v Milagros P. (Anonymous), respondent, John P. E. (Anonymous), appellant. (Proceeding No. 2)

Brian A. Picarello, Islandia, NY, for appellant.
Kristiana L. Gomes, Hauppauge, NY, for petitioner-respondent.
Michael E. Repole, Smithtown, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 5 and 6, the appeals are from three orders of the Family Court, Suffolk County (Bernard Cheng, J.), each dated December 15, 2020. The first order, after a hearing, adjudicated Michael M. to be the father of the subject child. The second order vacated an acknowledgment of paternity of the subject child signed on September 13, 2013. The third order dismissed the petition in the proceeding pursuant to Family Court Act article 6 for lack of standing.
ORDERED that the orders are affirmed, without costs or disbursements.
The subject child was born in September 2013, to Milagros P. (hereinafter the mother). On September 13, 2013, the mother and John P. Escobar signed an acknowledgment of paternity which stated that Escobar was the child's father.
The mother also was in an intimate relationship with Michael M. (hereinafter Michael), and in October 2013 she agreed to a private DNA test. The results of that test indicated that Michael was the child's biological father. Thereafter, Michael voluntarily paid child support to the mother in the amount of $600 per month. The mother also allowed Michael to have regular visitation with the child.
In 2019, Escobar commenced a proceeding for parental access with the child, while Michael commenced a paternity proceeding to have himself declared the child's father. After a hearing, in an order dated September 11, 2020, from which no appeal was taken, the Family Court [*2]directed the mother, Escobar, and Michael to undergo genetic marker testing. Based on the results of that testing, which indicated that Michael was the child's biological father, the court issued an order adjudicating Michael to be the child's father, an order vacating the acknowledgment of paternity, and an order dismissing Escobar's petition for parental access for lack of standing. Escobar appeals.
Although the order dated September 11, 2020, which directed genetic marker testing, contained dicta adverse to Michael, stating that Escobar proved equitable estoppel by clear and convincing evidence, no appeal lies from dicta (see Kelly v City of New York, 202 AD3d 664). Therefore, Michael's failure to appeal from that order did not affect his rights.
Equitable estoppel may only be applied in the child's best interests (see Matter of Tralisa R. v Max S., 145 AD3d 727; Matter of D.S.S. v Timothy C., 114 AD3d 860). Here, the best interests of the child were served by adjudicating Michael's status, since the child already considered Michael to be her father. Further, the evidence adduced at the hearing indicated that Michael provided a stable resource for the child. Therefore, equitable estoppel was not applicable here. Although a petitioner who does not sign an acknowledgment of paternity does not have standing to challenge the acknowledgment of paternity pursuant to Family Court Act § 516-a, Michael nevertheless had standing pursuant to Family Court Act § 522 to seek an adjudication that he was the legal father of the child (see Matter of Marshall P. v Latifah H., 154 AD3d 709, 710; Matter of Marquis B. v Rason B., 94 AD3d 883; see also Matter of Stephen N. v Amanda O., 140 AD3d 1223, 1224). Once the Family Court determined that Michael was entitled to such an adjudication pursuant to Family Court Act § 522, it properly exercised its authority to vacate the acknowledgment of paternity executed by Escobar (see Matter of Ryan M.E. v Shelby S., 191 AD3d 1315, 1318).
In view of the order adjudicating Michael to be the child's father, Escobar's petition for parental access was properly dismissed for lack of standing (see Shanna O. v James P., 176 AD3d 1334; cf. Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 27). No extraordinary circumstances were established to grant Escobar standing to seek parental access as a nonparent (see Matter of Bennett v Jeffreys, 40 NY2d 543; Shanna O. v James P., 176 AD3d 1334).
Accordingly, the Family Court properly adjudicated Michael to be the child's father, vacated the acknowledgment of paternity, and dismissed Escobar's petition seeking parental access.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court